IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAE LEE AND JIN JHO, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| MEGAMART, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

**COME NOW,** Plaintiffs Dae Lee and Jin Jho (hereinafter "Plaintiffs"), by and through their undersigned counsel, and file this lawsuit against Defendant MegaMart, Inc. (hereinafter "Defendant"), respectfully showing the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiffs in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendant (hereinafter referred to as the "relevant time period").

## II. JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant MegaMart, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 2100 Pleasant Hill Road, Duluth, Georgia, 30096.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. PARTIES

5.

Plaintiffs are residents of the State of Georgia.

6.

Plaintiff Dae Lee worked for the Defendant from 8/2/2010 through 4/31/2011 as a MD2 ("Merchandising 2") Assistant Manager; Plaintiff Jin Jho worked for Defendant from 9/20/10 until approximately 6/1/11, first as a MD2

Assistant Manager, and later as a Receiving Manager (hereinafter collectively referred to as the "relevant time period").

7.

Plaintiffs were "employees" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiffs performed non-exempt labor for the Defendant within the last three (3) years.

9.

Defendant employed the named Plaintiffs during the relevant time period.

10.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant MegaMart, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

12.

Defendant MegaMart, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

### IV. FACTS

14.

Plaintiffs Lee and Jin worked for the Defendants within the past three (3) years.

15.

Plaintiff Lee was misclassified as an exempt employee.

16.

Although Plaintiff Lee's title was MD2 Assistant Manager, Plaintiff Lee spent the majority of his time performing manual labor and other duties of hourly employees.

17.

By way of example, Plaintiff Lee's spent the majority of his working hours performing manual labor, stocking merchandise, rotating products, and keeping the

store clean and organized; all of these tasks were tasks also performed by non-exempt hourly employees.

18.

Indeed, Plaintiff Lee spent the majority of his working days performing these tasks alongside non-exempt hourly employees who were engaged in the very same tasks performed by Plaintiff Lee.

19.

Although Plaintiff Lee maintained a management title, he exercised only two (2) management functions during the entirety of his employment with Defendant; both of these functions were routine, and consumed a de minimis fraction of his working hours.

20.

Specifically, Plaintiff Lee was responsible for setting employee schedules in his department, and re-ordering products when stocks became low.

21.

To perform his duty of setting the employee schedules, Plaintiff Lee merely re-produced pre-determined identical schedules for all employees in his department on a bi-monthly basis.

22.

The order and allocation of hours included in these schedules were pre-approved by Plaintiff Lee's supervisor, and therefore, reproducing these schedules required no exercise of independent discretion, and consumed a maximum of ten (10) to twenty (20) minutes of time on the days that the schedules were reproduced.

23.

To perform his duty of re-ordering products when stocks became low, Plaintiff Lee utilized a scanning machine that was pre-programmed with the supplies Plaintiff was to order.

24.

When the product stocks got to a certain level, Plaintiff Lee would simply re-scan the products into the system to place the pre-determined re-ordered amount of each such project; this duty consumed approximately forty-five (45) minutes to one (1) hour of time approximately one (1) time per week.

25.

Aside from these two (2) duties, Plaintiff Lee did not engage in any other management roles or functions.

26.

Plaintiff Lee was not responsible for hiring, firing, supervising, or reviewing Defendant's employees.

27.

Plaintiff Lee did not have the authority to hire, fire, supervise, or review employees, nor was Plaintiff Lee given the authority to exercise disciplinary measures for any of the employees within his department.

28.

Plaintiff Lee did not exercise his independent discretion in any of the duties and tasks he performed while employed by Defendants; of the two (2) management functions that Plaintiff Lee did perform, neither of said functions required the exercise of Plaintiff's independent discretion and judgment.

29.

Plaintiff Jho was similarly misclassified as an exempt employee.

30.

While Plaintiff Jho's title was first a MD2 Assistant Manager, and later became Receiving Manager (exact time of the change in title is undetermined as of the date of this filing), Plaintiff Jho routinely spent the vast majority of his day performing manual labor and other duties performed by non-exempt hourly employees.

31.

By way of example, Plaintiff Jho spent several hours a day loading and unloading deliveries from trucks, sorting products by department, recording expired and damaged goods, and keeping the warehouse clean and organized.

32.

Although Plaintiff Jho maintained a management title, he exercised only one (1) management function during the entirety of his employment with Defendant; this function was routine, and consumed a de minimis fraction of his working hours.

33.

Specifically, Plaintiff Jho was responsible for setting employee schedules in his department.

34.

To perform his duty of setting the employee schedules, Plaintiff Jho merely re-produced pre-determined identical schedules for all employees in his department on a bi-monthly basis.

35.

The order and allocation of hours included in these schedules were pre-approved by Plaintiff Jho's supervisor, and therefore, reproducing these schedules

required no exercise of independent discretion, and consumed a maximum of ten (10) to twenty (20) minutes of time on the days that the schedules were reproduced.

36.

Aside from this duty, Plaintiff Jho did not engage in any other management roles or functions.

37.

Plaintiff Jho was not responsible for hiring, firing, supervising, or reviewing Defendant's employees.

38.

Plaintiff Jho did not have the authority to hire, fire, supervise, or review employees, nor was Plaintiff Jho given the authority to exercise disciplinary measures for any of the employees within his department.

39.

Plaintiff Jho did not exercise his independent discretion in any of the duties and tasks he performed while employed by Defendants; of the one (1) management functions that Plaintiff Jho did perform, said function did not require the exercise of Plaintiff's independent discretion and judgment.

40.

Both Plaintiffs worked between eighty (80) and one-hundred twenty (120) hours per week during their respective employments with Defendant.

41.

During their employment, both Plaintiffs were paid on a salary basis, and were never provided compensation for the hours they worked over forty (40) per week.

42.

During Plaintiffs' employment with the Defendants, Plaintiffs were not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiffs worked over forty (40) hours in a workweek. In fact, both Plaintiffs regularly worked in excess of 50 hours of overtime each week of their employment, and were not compensated for any of the overtime worked.

43.

When Plaintiff Lee inquired about why they were required to work so many hours without appropriate compensation; in response, Defendant told Plaintiff Lee "this is how we do it in Korea."

44.

Plaintiff Lee stopped requesting overtime when he began to feel his job was being threatened as a result.

45.

Ki-Yong, General Manager at the time, commented to Plaintiff Lee that "what would happen to your family if you were unemployed, especially now that your wife is pregnant."

46.

As a consequence of being forced to work so many hours each week without overtime compensation, Plaintiffs eventually resigned employment with Defendant.

## CLAIMS FOR RELIEF

### V. VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

47.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

48.

Defendant suffered and permitted Plaintiffs to routinely work more than forty (40) hours per week without overtime compensation.

49.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs at the required overtime rate.

50.

Defendant knew, or showed reckless disregard for the fact that it failed to pay these individuals overtime compensation in violation of the FLSA.

51.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

52.

Defendant's conduct was willful and in bad faith.

53.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI.  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

(A)   Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiffs unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(D)   Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted this 30th day of January, 2013.

        **BARRETT & FARAHANY, LLP**

        s/ Elizabeth L. Brown
        Elizabeth L. Brown
        Georgia Bar No. 940372
        Benjamin F. Barrett
        Georgia Bar No. 039586
        Amanda A. Farahany
        Georgia Bar No. 646135

        *Attorneys for Dae Lee and Jin Jho*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 facsimile
lbrown@bf-llp.com
ben@bf-llp.com
amanda@bf-llp.com